In the Interest of D.P. and J.P.,
Minor Children,

D.P., Mother, Appellant.

No. 90–782.

Court of Appeals of Iowa.

Nov. 29, 1990.

Thomas H. Preacher, Bettendorf, for appellant mother.

Thomas J. Miller, Atty. Gen., Gordon E. Allen, Deputy Atty. Gen., and Judy Sheirbon, Asst. Atty. Gen., for appellee State.

Considered by DONIELSON, P.J., and SCHLEGEL and SACKETT, JJ.

SACKETT, Judge.

Appellant D.P., the mother of D.P., a daughter born September 12, 1980, and J.P., a son born July 19, 1981, appeals a trial court order terminating her parental rights to the two children. She contends: (1) there is not clear and convincing evi-

dence to support the termination, (2) even if termination is warranted, it should not be ordered because of the close relationship she has with her children and her absence from their lives was because she was institutionalized, and (3) she also asks that we find she was rendered ineffective assistance of counsel. Our review is de novo. *In re D.W.*, 385 N.W.2d 570, 573 (Iowa 1986). We affirm.

The children were placed in foster care in August 1988 because their mother was incarcerated on prostitution and bad check charges. Their mother's aunt, who had been their caretaker, requested the placement. The aunt had taken the children at the request of the mother's father with whom the children were living during the mother's incarceration.

In December 1988 a child in need of assistance petition was filed. It was stipulated the children were in need of assistance under sections 232.2(6)(c)(2) and 232.-2(6)(d). These sections provide:

(6) *Child in need of assistance* means an unmarried child:

\*   \*   \*   \*   \*   \*

(c) Who has suffered or is imminently likely to suffer harmful effects as a result of:

\*   \*   \*   \*   \*   \*

(2) The failure of the child's parent, guardian, or custodian to exercise a reasonable degree of care in supervising the child.

\*   \*   \*   \*   \*   \*

(d) Who has been sexually abused by the child's parent, guardian, custodian or other member of the household in which the child resides.

The mother stipulated to a finding under these sections and an adjudication of the children being children in need of assistance.

After the adjudication, the children remained in foster care (living in three different foster homes over a course of about eighteen months). The State ultimately requested termination of the mother's and father's parental rights. On May 4, 1990, the trial court terminated parental rights of both parents. The court found:

The children had been adjudicated children in need of assistance under sections 232.2(6)(c)(2) and 232.2(6)(d), and concluded that these children could not be returned to the custody of their parents as provided in section 232.102 because there had been no palpable change from the conditions that led to the adjudication as children in need of assistance, and that these children would suffer some abuse and harm within the definition of section 232.2(6) if returned to the parents' care and custody.

The mother and children apparently have not seen the father since 1981. He did not contest termination. His parental rights were terminated on the grounds he had abandoned the children. He has not appealed.

The mother first contends there is not clear and convincing evidence to terminate under Iowa Code section 232.116(1)(h) (1989) which provides for termination where both the following have occurred:

(1) The child meets the definition of child in need of assistance based on a finding of physical or sexual abuse or neglect as a result of the acts or omissions of one or both parents.

(2) There is clear and convincing evidence that the circumstances surrounding the abuse or neglect of the child, despite the receipt of services, constitutes imminent danger to the child.

She contends her trial attorney was ineffective in allowing her to stipulate to sexual abuse, and there was not clear and convincing evidence of sexual abuse. The State's position is the daughter was sexually abused by a caretaker. There were medical findings consistent with sexual abuse. Both children consistently engaged in masturbation and sexual play of a kind not normal for children of their age. We find it unnecessary, however, to address the mother's challenge to these findings because there is clear and convincing evidence to support termination under section 232.116(1)(e) (1989), which provides parental rights can be terminated if:

e. The court finds that all of the following have occurred:

(1) The child is four years of age or older.

(2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The custody of the child has been transferred from the child's parents for placement pursuant to section 232.102 for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

■ The issue of whether a child will suffer harm by a return to a parent must be shown by clear and convincing evidence. *In re Chad*, 318 N.W.2d 213, 219 (Iowa 1982).

■ The mother has not been able to restructure her lifestyle to make provisions for her children and give them a home. The services being delivered have not reached her. Since the adjudication, she has had further incarcerations, and arrests for prostitution. She has been in violation of her work release. At the time of the termination hearing, she was incarcerated after being arrested for prostitution.

The mother has an unstable and chaotic lifestyle. She is unable to provide the stability that her children require. *See In re T.D.C.*, 336 N.W.2d 738, 744 (Iowa 1983). She has not kept scheduled appointments and has not been consistent with visitation. The visitation she has exercised, except for one occasion when she left the children with an inappropriate caretaker, has been very satisfactory. The children have been out of their mother's care for over eighteen months. There is clear and convincing evidence to support the termination. *See In re D.W.*, 385 N.W.2d 570 (Iowa 1986); *In re C.M.T.*, 433 N.W.2d 55 (Iowa App.1988); *In re R.M.*, 431 N.W.2d 196 (Iowa App.1988).

■ The mother next contends she should avoid termination under section 232.116(3)(e) which provides:

3. The court need not terminate the relationship between the parent and child if the court finds any of the following:

(e) The absence of a parent is due to the parent's admission or commitment to any institution, hospital, or health facility or due to active service in the state or federal armed forces.

She claims her absence has been occasioned by the fact that she was institutionalized. We do not find this mother's incarceration for intentional violation of statutes a reason not to terminate. We reject her argument on this ground. *See generally In re R.L.F.*, 437 N.W.2d 599 (Iowa App.1989).

■ The mother next contends that termination should be avoided under section 232.116(3)(c) which provides:

3. The court need not terminate the relationship between the parent and child if the court finds any of the following:

(c) There is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship.

This is an extremely difficult issue. Having determined there is clear and convincing evidence to support the termination, we look now to the best interests of the children. Clearly, there are strong emotional ties between the mother and these children. The bond between the mother and daughter is particularly strong. This bond is recognized by both the attorney for the State and the guardian ad litem for the children.

The legal termination of parental rights does not sever these bonds nor does it address the emotional ramifications that flow between birth parents and their children. The questions are particularly difficult when, as here, the children have spent considerable time in their birth parents' care and are bonded to them.

The mother has never physically or sexually abused the children. Uneducated, lacking support from her biological family, a husband or companion, she obviously is in

a difficult situation. She obviously loves her children. We agree with the trial court characterization of her as a woman struggling to meet her own obligations.

Both the State and the attorney for the children argue termination will bring permanency. What the argument for permanency misses is that termination does not necessarily guarantee adoption. These children probably will be difficult to place for adoption. They are older. They carry with them a series of serious emotional problems, obviously resulting from the turbulent relationship in their birth family and probably amplified by the series of placements they have experienced. Their great aunt wanted them out of her home immediately because she was concerned that their sexual activities would be detrimental to a young grandchild. There were serious problems in their first two foster homes. The first two foster mothers just could not like the older child. The third foster mother, who appears to be coping, has had problems with both children and serious problems with the older child. There is substantial bonding between the two children and evidence they should not be separated if they go to an adoptive home.

We recognize this termination does not carry with it any guarantees for a stable and permanent home for these children. Nor do we have any insight as to the emotional strain this termination will cause for these children who obviously find an anchor of support in their natural mother.

However, we do not find these factors sufficient to support a finding there should not be a termination.

The mother's last argument is that the attorney appointed to represent her at the trial level was not competent. Due process requires counsel appointed under a statutory directive to provide effective assistance. *In re J.P.B.*, 419 N.W.2d 387, 390 (Iowa 1988). We apply the same standard adopted for counsel appointed in a criminal proceeding. *Id.* *See also Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). The mother contends her trial counsel was ineffective in allowing her to stipulate to the allegation of sexual abuse. We have affirmed the termination on other grounds. Therefore, the mother cannot show she was prejudiced even if she did show her counsel to be ineffective. *See Strickland*, 466 U.S. at 687, 104 S.Ct. at 2064, 80 L.Ed.2d at 693 (requires a party claiming ineffective assistance of counsel to show (1) counsel's performance was deficient, and (2) that actual prejudice resulted). We affirm.

AFFIRMED.